IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANNE WALKER VAN EATON, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:18-CV-882-RP |
| THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA and KIM RENEE VAN EATON, | | |
| Defendants. | | |

## ORDER

Before the Court is a motion to remand by Plaintiff Anne Walker Van Eaton, a/k/a Sara Van Eaton (now Sara Walker Herdt) ("Plaintiff"), (Dkt. 14), and Defendant Kim Renee Van Eaton's ("Defendant") response, (Dkt. 18). Having considered the parties' briefs, the record, and applicable law, the Court will deny Plaintiff's motion.

## I. BACKGROUND

This case involves a dispute over the proceeds to a group life insurance policy subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Miller Paul Van Eaton (the "Decedent") obtained an ERISA-regulated life insurance policy through his longtime employment with IBM. (Orig. Pet., Dkt. 1-1, ¶ 5). Defendant, the ex-wife of the Decedent, is the designated beneficiary of this life insurance policy. (*Id.* ¶ 7). However, on January 21, 1999, Defendant and the Decedent entered into a divorce decree providing that "any and all policies of life insurance (including cash values) insuring the life of [the Decedent]" are the sole and separate property of the Decedent, not the Defendant. (*Id.* at ¶ 5; Divorce Decree, Dkt. 1-1, at 33–34). The ERISA-regulated life insurance policy is one such policy allegedly covered by this agreement. (*See id.* ¶¶ 6–7).

1

The Decedent married Plaintiff in June 2002. (Orig. Pet., Dkt. 1-1, ¶ 6). Plaintiff claims that by 2017, the Decedent was communicating with Defendant The Prudential Life Insurance Company of America ("Prudential") about verifying Plaintiff as the designated beneficiary of all of the Decedent's life insurance policies. (*Id.*). According to Plaintiff, Prudential confirmed that "all" the life insurance policies named Plaintiff as their primary beneficiary. (*Id.*) The Decedent died on October 22, 2017, and Plaintiff was named the executor of his estate on December 20, 2017. (*Id.*).

The instant dispute is whether the ERISA-regulated life insurance policy is the property of Defendant or the Decedent's estate. Plaintiff argues that by operation of the divorce decree, the policy is the property of the estate, and therefore the probate exception to federal jurisdiction applies. (Mot., Dkt. 14, at 3–4). Defendant argues that the life insurance policy is subject to ERISA and not a probate asset; therefore the probate exception does not apply, and federal jurisdiction is proper. (Resp., Dkt. 18, at 2–3).

## II. LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). District courts have subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Such "federal question" jurisdiction exists "only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008) (cleaned up) (citations omitted). The party asserting federal jurisdiction "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Id.* The removal statute must "be strictly construed, and any doubt about the

propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. DISCUSSION

The probate exception to federal jurisdiction operates to prevent a federal court from exercising *in rem* jurisdiction over a *res* in the custody of a state probate court. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013); *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," as well as the power to "dispose of property that is in the custody of a state probate court." *Id.* (quoting *Marshall*, 547 U.S. at 311–12). However, "while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights *in such property* where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court." *Marshall*, 547 U.S. at 310 (emphasis added) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)).

The Court need not decide at this time whether the disputed life insurance proceeds are an asset of the Decedent's estate because they are not in the possession of the state probate court. "As a threshold matter, the probate exception only applies if the dispute concerns property within the custody of a state court." *Curtis*, 704 F.3d at 409. On December 11, 2018, the Court granted Prudential interpleader relief to deposit the proceeds into the Disputed Ownership Fund established in the Court Registry Investment System; the proceeds are therefore in federal custody. (Dkt. 17, at 1).

The probate exception, moreover, does not prevent the Court from exercising jurisdiction to determine the parties' rights in a property where, as here, the Court's determination will not interfere with the state court's administration of an estate "save to the extent that the state court is bound by

3

the judgment to recognize the right adjudicated by the federal court." *Marshall*, 547 U.S. at 310. The Court's jurisdiction is therefore proper in this case.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion to Remand, (Dkt. 14), is **DENIED**.

**SIGNED** on March 18, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE